# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____ )
                                          )
George Edward McDermott, Sr., *et al.*,    )
                                          )
    Plaintiffs,                           )
                                          )
    v.                                    )      Civil No. 1:16-cv-00532 (APM)
                                          )
BB&T Bank Corporation, *et al.*,           )
                                          )
    Defendants.                           )
_____ )

## ORDER

All Defendants have moved to dismiss Plaintiffs' Complaint, Compl., ECF No. 1, in its entirety. The court grants those motions for two main reasons.

*First*, this court is not the proper venue for this action. *See* 28 U.S.C. § 1391. No Defendant resides in this judicial district, *see id.* § 1391(b)(1); a "substantial part of the events or omissions giving rise" to Plaintiffs' claims did not occur in this judicial district (they occurred in the District of Maryland), *id.* 1391(b)(2); and the property at issue in this matter is not situated in this judicial district (it is situated in the District of Maryland), *id.*

*Second*, the court declines to transfer this matter to a judicial district in which it could have been brought, *see* 28 U.S.C. § 1406, because there are obvious substantive problems with Plaintiffs' Complaint. *See Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 370 (D.C. Cir. 1997) (affirming that "it made little sense to transfer the case to another jurisdiction," which "would have the case alive only until the next court looked it over and found it wanting"). The court has reviewed Plaintiffs' Complaint and it seemingly centers on the foreclosure of a home located at 8324 Bock Road, Fort Washington, MD 20744. Compl. at 2–3. The Maryland courts have ratified the foreclosure sale. *See* Def. Atlantic Law Group LLC's Mot. to Dismiss, ECF No.

15, at 4; Def. Wilmer's Mem. in Supp. of Mot. to Dismiss, ECF No. 17-1, at 3.   To the extent Plaintiffs seek to undo the state-court foreclosure order, *see* Compl. at 9–10, the claims are barred under the *Rooker-Feldman* doctrine.   Under that doctrine, "'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'"   *Liebman v. Deutsche Bank Nat'l Trust Co.*, 15 F. Supp. 3d 49, 55–56 (D.D.C. 2014) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005) ("The *Rooker–Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").   As in *Liebman*, where the plaintiff similarly challenged a state-court foreclosure order, Plaintiffs' claim that the Maryland state court's forfeiture order was unlawful under federal law is barred under *Rooker-Feldman*.   *See Liebman*, 15 F. Supp. 3d at 55–57.

Additionally, to the extent that the *Rooker-Feldman* doctrine does not bar the claims asserted, the doctrine of res judicata does so.   Plaintiffs' claims arise out of the same events as to which a competent court already has rendered a final, valid judgment on the merits of the same or similar causes of action.   *See Porter v. Shah*, 606 F.3d 809, 813 (D.C. Cir. 2010) (setting forth the elements of res judicata).

Finally, even construing the Complaint generously, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court cannot discern within it a plausible claim.   Plaintiffs have not asserted any "factual content that allows the court to draw the reasonable inference that [Defendants are] liable for the misconduct alleged."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Rather, their pleading

rests entirely on conclusory statements that do not suffice to state a plausible cause of action.  *See id.*

Accordingly, the court rules as follows on the pending motions:

1.      Defendant John Noonan's Motions to Dismiss, ECF Nos. 5, 8, 16, 28, 31, 42, are hereby granted.

2.      Defendant John Noonan's Motion to Strike, ECF No. 13, is denied as moot.

3.      Defendant Atlantic Law Group, LLC's Motion to Dismiss, ECF No. 15, is granted.

4.      Defendant Robert G. Wilmer's Motion to Dismiss, ECF No. 17, is granted.

5.      Defendants BB&T Bank Corporation and Jeffrey Fisher's Motion to Dismiss, ECF No. 19, is granted.

6.      Defendant Sidney J. Harrison's Motion to Dismiss, ECF No. 21, is granted.

7.      Plaintiffs' Motion to Allow Plaintiff Inspection of Documents, ECF No. 25, is denied as moot.

8.      Plaintiffs' Motion to Preserve the Record for Appeal, ECF No. 32, is granted, insofar as the record is "preserved" for appeal in any event.

9.      Plaintiffs' Motion Pursuant to FRCP 17(A), ECF No. 40, is denied as moot.

Accordingly, this action is hereby dismissed in its entirety with prejudice.

This is a final, appealable order.


Date:   January 3, 2017                              _____
                                                     Amit P. Mehta
                                                     United States District Judge